IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| KIMBERLY J. BUCHANAN,<br><br>    Plaintiff,<br><br>vs.<br><br>NANCY A. BERRYHILL. Acting Commissioner of Social Security Administration,<br><br>    Defendant. | CV 14-108-BLG-SPW-TJC<br><br>**ORDER DENYING MOTION TO WITHDRAW** |

On October 12, 2018, the Court denied without prejudice, Plaintiff's counsel's Motion to Withdraw as Counsel of Record. (Doc. 35.) The Court denied the request because the stipulation failed comply with L.R. 83.3(b). On October 15, 2018, Plaintiff's counsel, John E. Seidlitz, Jr., filed an Affidavit in support of the request to withdraw. (Doc. 36.)

Counsel's motion, however, still fails to meet the requirements of L.R. 83.3(b)(2)(A) or (B).

Local Rule 83.3(b)(2) provides:

(2)    A motion for leave to withdraw *must state the client's last known mailing address* and must be accompanied by either:

    (A)    the client's written consent to counsel's withdrawal, signed by the attorney and the client *and acknowledging the client's obligation immediately to retain new counsel or appear pro se*;

1

or

    (B)    an affidavit of counsel showing that:

        (i)    a notice of intent to file a motion to withdraw was *personally served on the client at least 14 days prior to filing the motion to withdraw*;

        (ii)    the client has been advised of its obligation to immediately retain new counsel or appear *pro se* if the motion to withdraw is granted; and

        (iii)    facts constituting good cause support withdrawal. A showing of good cause may be made by filing an ex parte affidavit separate from the affidavit addressing subsections (i) and (ii) above. An ex parte affidavit must be served on the client but need not be served on any other party.

L.R. 83.3(b).

Counsel's initial request to withdraw did not meet L.R. 83.3(b)(2)(A) because the motion did not state Plaintiff's last known address, and the stipulation signed by Plaintiff did not acknowledge her obligation to immediately retain new counsel or appear *pro se*. Mr. Seidlitz's subsequent Affidavit does not cure these defects.

Mr. Seidlitz's Affidavit also falls short of meeting L.R. 83.3(b)(2)(B) because it does not show that a notice of intent to file the motion to withdraw was *personally served* on Plaintiff at least 14 days before the motion was filed.

Accordingly, IT IS ORDERED that the Stipulation for Withdrawal of Counsel is **DENIED** without prejudice. Because it appears Mr. Seidlitz's

withdrawal would leave Plaintiff without counsel, Mr. Seidlitz is not relieved of his obligations with regard to this case. *See* L.R. 83.3(b)(1) ("When an attorney's withdrawal will leave any party without counsel for any period of time, the attorney may withdraw only by leave of court."). Unless and until Mr. Seidlitz files a motion to withdraw that meets the requirements of L.R. 83.3(b), and that motion is granted, he shall remain attorney of record in this action.

DATED this 16th day of October, 2018.

_____
TIMOTHY J. CAVAN
United States Magistrate Judge